# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNETH ROWAN                                                           PETITIONER

v.                                    NO. 5:15-cv-00232 PSH

WENDY KELLEY, Director of the                                         RESPONDENT
Arkansas Department of Correction[1]

## MEMORANDUM OPINION AND ORDER

I. STATE COURT PROCEEDINGS. The record reflects that petitioner Kenneth Rowan ("Rowan") came to be charged in an Arkansas state trial court with aggravated robbery in CR-2013-359 and a firearm offense in either CR-2013-238 or CR-2013-328.[2] The cases were combined, and he pleaded guilty to the offenses in 2013. He was then sentenced as an habitual offender to the custody of respondent Wendy Kelley ("Kelley").[3]

---

[1]

The State of Arkansas was initially named as the respondent in this case. The correct respondent is Wendy Kelley, the Director of the Arkansas Department of Correction. The Clerk of the Court shall correct the docket sheet to reflect the correct respondent.

[2]

The correct docket number for the firearm offense is not clear.

[3]

Rowan did not appeal any part of his plea or sentence. Arkansas Rule of Appellate Procedure-Criminal 1(a) generally precludes an appeal following a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014). None of the exceptions were applicable.

Rowan thereafter filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he maintained that he was denied due process in CR-2013-359 and CR-2013-238/328 because his attorney was prevented from subpoenaing witnesses and because Rowan's mental competency was not fully considered. In what he acknowledged was a belated amendment to his petition, he maintained that his attorney in CR-2013-359 and CR-2013-238/328 had a conflict of interest because counsel incorrectly advised Rowan regarding his parole eligibility in a 2004 criminal case, i.e., CR-2003-1185. The state trial court judge denied the petition and gave the following reasons for doing so:

> [Rowan] was advised by the Court of his right to a jury trial in this case and was advised that he was entering a negotiated plea of guilty to the charges. [He] advised the Court, under oath, that he was satisfied with the services of his attorney and was advised by the Court of the effect of his plea and the fact that he would be required to serve 100% of the 23 year sentence.

> [Rowan] had requested, prior to the plea agreement, a mental evaluation, and a forensic evaluation report by Dr. Paul Deyoub was filed [with] this [C]ourt [on] November 13, 2013 in which Dr. Deyoub opined that at the time of the examination, [Rowan] had the capacity to understand the proceedings against him and had the capacity to assist effectively in his own defense. Other than [Rowan's] mere assertion that his mental health was not properly addressed, there is no other evidence in the Court's record other than the report of Dr. Deyoub.

See Pleading 7, Exhibit 4 at 1-2. The state trial court judge made no mention of Rowan's conflict of interest claim.

Rowan attempted to appeal the denial of his petition. When he failed to prosecute his appeal in a timely manner, he filed a motion for a belated appeal. The Arkansas Supreme Court denied the motion and gave the following reasons for doing so:

> Here, [Rowan] failed to demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. [Rowan] did not make the required showing of prejudice because his claims concerning the witnesses that counsel failed to secure and his mental health were conclusory in nature.

> If a defendant petitioning for postconviction relief alleges ineffective assistance of counsel concerning the failure of counsel to secure a witness for trial, it is incumbent on the defendant to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. … [Rowan] contended only that he requested that counsel obtain a psychiatrist, a psychologist, a counselor, a parole officer, and two sheriff's deputies to serve as witnesses. None of the persons was named, there was no summary of what the testimony of those persons would have been, and no showing that the testimony of those persons would have been admissible.

> With respect to the allegations that his competency was not properly addressed and that he was not afforded a second opinion on his competency, [Rowan] did not offer supporting facts to demonstrate that any specific issue related to his competency should have been raised by counsel. It is the petitioner's burden to provide facts from which it can be determined that counsel did not meet the standard set by <u>Strickland</u>. …

> When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. … [Rowan's] claim that he was forced to plead guilty by counsel's failure to obtain the witnesses needed for trial and his claim concerning his competency fell far short of establishing that his plea was not voluntarily and intelligently entered or that it was entered without effective assistance of counsel. For that reason, [Rowan] could not prevail on appeal from the trial court's order. …

See <u>Rowan v. State</u>, 2014 Ark. 353, 438 S.W.3d 918, 922 (2014). The state Supreme Court

made no mention of Rowan's conflict of interest claim.

      II. <u>FEDERAL COURT PROCEEDINGS</u>. Rowan began the case at bar by filing a petition

for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his

guilty plea in CR-2013-359 and CR-2013-238/328 on the ground that his attorney failed

to provide adequate representation. Rowan so maintained for the following reasons:

> [The attorney] … assigned to me in this current case (CR-13-359)
> after already being ineffective in a prior case where he represented me. He
> was found ineffective by way of Rule 37 in case CR-2003-1185. I asked for
> another attorney but was denied by the public defender's office. He
> refused to subpoena witnesses I requested and refused to pursue mental
> competency, etc. so I plead[ed] guilty.

> [My attorney] … refused to set up a defense at all for me. He would
> not call witnesses. I asked for my psychiatrist, Dr. Broadway, from Poteau,
> [Oklahoma] Health and Wellness Center, as well as two sheriff's deputies
> I didn't know that name of but could've been found through arrest reports.
> I also requested my parole officer … These witnesses would testify to my
> extreme delusional [state].

See Pleading 1 at 5-6.

      Kelley filed a response to Rowan's petition and asked that it be dismissed. Kelley

so maintained for two reasons. She first maintained that the claims contained in the

petition are procedurally barred from federal court review because Rowan failed to

properly present them to the state courts of Arkansas. Kelley alternatively maintained

that Rowan's claims have no merit.

Rowan filed a reply to Kelley's response. In the reply, Rowan asked that any procedural default be excused because he lacks legal training and because he was suffering from a mental defect at the time he filed his petition for post-conviction relief. He also maintained that he would have gone to trial had counsel performed adequately.

It is debatable whether Rowan's claims are procedurally barred from federal court review, particularly since he obtained a state court ruling on parts of his claims. Rather than determine whether Rowan's claims are procedurally barred, the Court will bypass that question and simply address the merits of his claims.

III. CONFLICT OF INTEREST. Rowan first maintains that his attorney in CR-2013-359 and CR-2013-238/328 had a conflict of interest. Liberally construing his pro se petition, Rowan maintains that counsel had a conflict because counsel incorrectly advised Rowan regarding his parole eligibility in CR-2003-1185.[4]

---

[4]

The specifics of this claim were summarized by Kelley in her response. Rowan has not challenged the summary, and it is adopted by the Court. It is as follows:

> In Sebastain County Circuit Court No. 2003-1185, [Rowan] was charged with first-degree murder and being a habitual offender with more than four felonies. [He] subsequently pled guilty to second-degree murder and the habitual allegation was withdrawn. Following this, [he] filed a Rule 37 petition claiming he had been misinformed by defense counsel with regard to the amount of time he would serve. … While the state circuit court originally denied relief, finding that parole advice could not be the basis of a Rule 37, defense counsel, it appears, wrote a letter to [Rowan] stating that [counsel] had misinformed [Rowan] with regard to the amount of time he would serve. [Rowan] apparently forwarded this letter to the circuit court and subsequently entered a guilty plea on manslaughter. …

See Pleading 7 at 4 n.2. It is not clear what consequences flowed from counsel's admission.

Strickland v. Washington, 466 U.S. 668 (1984), typically governs a challenge to an attorney's representation. It requires a showing that counsel's performance fell below an objective standard of reasonableness. It also requires a showing of prejudice, i.e., a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty but would have gone to trial. See Hill v. Lockhart, 474 U.S. 52 (1985).

There are instances, though, in which the prejudice prong of Strickland v. Washington is inapplicable to a challenge to an attorney's representation. A claim that counsel was ineffective because he acted under a conflict of interest is judged under "several different standards depending on the circumstances of the representation." See Henderson v. United States, 2015 WL 667938 (E.D.Mo. 2015). In Henderson v. United States, the district judge observed the following with respect to the different standards:

> … According to the Supreme Court, counsel is ineffective where "the defendant's attorney actively represented conflicting interests." Mickens, 535 U.S. at 166. Prejudice is presumed and reversal is automatic, where the trial court forces defense counsel "to represent codefendants over his timely objection" without determining that no conflict of interest exists. Id. at 167-68 (citing Holloway v. Arkansas, 435 U.S. 475, 488 (1978)). In other words, if an objection is raised regarding joint representation at the trial level, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing. Id. If a defendant does not object to counsel representing a co-defendant, he or she "must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.'" Id. at 168 (quoting Cuyler v. Sullivan, 446 U.S. 335, 348-49 (1980)). A defendant who makes such a showing "need not demonstrate prejudice in order to obtain relief." Cuyler, 446 U.S. at 349-50. (citation omitted).

These standards, however, do [not] apply to all conflicts of interests. Noe v. United States, 601 F.3d 784, 790 (8th Cir. 2010) (noting that the Supreme Court has not extended the Cuyler standard that presumes prejudice to conflicts other than those arising from situations in which an attorney represents more than one defendant) (citing Mickens, 535 U.S. at 174-75). Without squarely deciding the issue, the Eighth Circuit has argued that Strickland is the appropriate standard for alleged conflicts involving ethical issues other than multiple or serial representation. Morelos v. United States, 709 F.3d 1246, 1252 (8th Cir. 2013) (citations omitted) ("[W]e have expressly refrained from deciding whether the lowered burden in establishing prejudice applies to actual conflicts of interest which did not arise out of multiple representation."); Caban v. United States, 281 F.3d 778, 783 (8th Cir. 2002) ("We believe there is much to be said in favor of holding that Cuyler's rationale favoring the 'almost per se rule of prejudice' does not apply outside the context of a conflict between codefendants or serial defendants."). See also Mickens, 535 U.S. at 168 (noting that "the language of [Cuyler v.] Sullivan itself does not clearly establish, or indeed even support, such [an] expansive application" of the automatic reversal standard to other types of ethical conflicts). …

See Id.

Given Rowan's claims, it is likely that the appropriate standard is the Strickland v. Washington standard. It is not necessary to decide that question, though, because Rowan has not met his burden under any standard. The Court so finds for two reasons.

First, Rowan has failed to show that his attorney actively represented conflicting interests in CR-2013-359 and CR-2013-238/328. Without question, counsel erred in CR-2003-1185 when he incorrectly advised Rowan regarding his parole eligibility in that case; in fact, counsel admitted in a letter that he provided Rowan with incorrect advice in the case. See Pleading 7, Exhibit 8 at 20. It does not follow, though, that the error somehow

caused counsel to also err in CR-2013-359 and CR-2013-238/328. The cases, i.e., CR-2003-1185 and CR-2013-359/238/328, were resolved nine years apart, and they do not appear to have been related. There is also nothing to suggest that counsel's error in CR-2003-1185 caused him to represent Rowan less zealously in CR-2013-359 and CR-2013-238/328. In short, there is no evidence of a conflict.

Second, notwithstanding the foregoing, the Court assumes, arguendo, counsel harbored such resentment toward Rowan because of the events in CR-2003-1185 that it caused counsel to defend Rowan less zealously in CR-2013-359 and CR-2013-238/328.[5] As the Court will more fully develop, though, there is no evidence counsel committed error in CR-2013-359 and CR-2013-238/328.

IV. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>. Rowan maintains that his attorney in CR-2013-359 and CR-2013-238/328 failed to provide adequate representation and offers several reasons why. Rowan maintains that counsel erred when he failed to subpoena four witnesses, witnesses Rowan identifies as a psychiatrist at an Oklahoma health and wellness center, two unnamed sheriff's deputies, and an unnamed parole officer. Rowan did not provide a detailed summary of their proposed testimony; instead, he simply represented that they would have testified to his mental state. Rowan's assertion warrants no relief for three reasons.

_____

[5]

Rowan maintains that his attorney in CR-2003-1185 was found to "ineffective by way of Rule 37 ..." <u>See</u> Pleading 1 at 5. The Court cannot substantiate Rowan's claim.

First, Rowan clearly and unequivocally pleaded guilty in CR-2013-359 and CR-2013-238/328, and a plea of guilty generally waives all "pre-plea" constitutional violations. See Whitepipe v. Weber, 536 F.Supp.2d 1070, 1082 (D.S.D. 2007).[6] Although a petitioner may challenge the advice he receives from his attorney, Rowan's failure-to-subpoena claim does not go to the advice he received from counsel.

Second, assuming Rowan can now challenge his attorney's failure to subpoena the four witnesses, it is not clear what evidence the witnesses would have provided on the question of Rowan's mental competency or how the evidence would have been different than the report prepared by Dr. Paul Deyoub, Ph.D. ("Deyoub"). Rowan simply alleges that the witnesses would have testified to his extreme delusional state.

Third, the state trial court judge resolved the question of Rowan's mental competency, and the state trial court judge's findings are entitled to deference. See 28 U.S.C. 2254(d). The state trial court judge could and did find that Rowan received a mental evaluation prior to his change of plea and sentencing, and the evaluation established that he had the capacity to understand the proceedings against him and had the capacity to assist effectively in his own defense. The Court adopts those findings.

---

6

Solemn declarations in open court carry a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63 (1977). In a colloquy with Rowan, the state trial court judge determined that Rowan understood the charges against him, understood the negotiated plea agreement, was not under the influence of any drugs or alcohol, and was waiving his constitutional rights by pleading guilty. See Pleading 7, Exhibit 2 at 3-6. Rowan admitted that there was a factual basis for his plea and admitted to being satisfied with the services of his attorney. See Pleading 7, Exhibit 2 at 6-7.

In a related assertion, Rowan maintains that his attorney in CR-2013-359 and CR-2013-238/328 erred when counsel refused to explore Rowan's mental competency. Rowan's assertion warrants no relief. The state trial court judge took up the question of Rowan's mental competency prior to his guilty plea. Deyoub performed a mental evaluation and determined that Rowan was competent to understand the proceedings against him and assist effectively in his own defense. On the basis of Deyoub's findings, the state trial court judge could and did reject Rowan's challenge to his mental competency. Rowan failed to offer at the state court level, and has not offered at this late stage, any evidence to rebut Deyoub's findings, and Rowan has not shown how counsel's exploration of Rowan's mental competency was inadequate.

Rowan additionally maintains that his attorney in CR-2013-359 and CR-2013-238/328 erred when counsel refused to "set up a defense" for Rowan. See Pleading 1 at 6. Rowan's assertion warrants no relief because it is supported by no facts. Liberally construing his pro se petition, it is possible that he believes counsel should have built a defense on a mental defect. As the Court found, though, Rowan failed to offer at the state court level, and has not offered at this late stage, any evidence to rebut Deyoub's findings.

V. FAILURE TO APPOINT NEW COUNSEL. Liberally construing Rowan's pro se petition, he maintains that the public defender's office erroneously refused his request for a new attorney in CR-2013-359 and CR-2013-238/328. Assuming such a claim is

cognizable in a proceeding pursuant to 28 U.S.C. 2254, and assuming further still that Rowan, who was apparently an indigent, was entitled to the counsel of his choice, the claim warrants no relief. Rowan stated in open court at the time he pleaded guilty that he was satisfied with the services provided by his attorney, see Pleading 7, Exhibit 2 at 7, and he cannot now allege otherwise.

VI. <u>CONCLUSION</u>. For the foregoing reasons, the Court finds that Rowan's claims warrant no relief. His petition is therefore dismissed. All requested relief is denied, a certificate of appealability is denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment will be entered for Kelley.

IT IS SO ORDERED this 11th day of December, 2015.


_____
UNITED STATES MAGISTRATE JUDGE